IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-00603-RJC
(3:06-cr-00363-RJC-3)

| | |
|---|---|
| GERALD ADRIAN WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Subsequent Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, Petitioner's Supplemental Response in Support of the § 2255 Motion to Vacate, filed through counsel, and the Government's Response. (Doc. Nos. 2, 10, and 14). For the reasons that follow, Petitioner's Section 2255 motion will be DISMISSED and his alternative claims for relief will be DENIED.

I.  BACKGROUND

On April 17, 2007, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute crack cocaine, and powder cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six); and one count of possession of a firearm by a felon, in violation 18 U.S.C. § 922(g)(1) (Count Seven). (3:06-cr-00363,

Doc. No. 39: Superseding Indictment; Doc. No. 66: Plea Agreement).[1]

On February 28, 2008, Petitioner was sentenced to a term of 120-months on Count One, a concurrent term of 70-months on Count Seven, and a mandatory, consecutive term of 60-months on Count Six for a total term of 180-months' imprisonment. (Id., Doc. No. 108: Judgment). Petitioner's judgment was affirmed on appeal. United States v. Wheeler, 329 F. App'x 481 (4th Cir. 2009) (unpublished).

On June 29, 2010, Petitioner filed a Section 2255 motion raising grounds of ineffective assistance of trial counsel. In an Order filed on March 17, 2011, the Court dismissed his § 2255 motion as being without merit and the Fourth Circuit dismissed his appeal. (3:10-cv-00289, Doc. No. 5: Order). United States v. Wheeler, 487 F. App'x 103 (4th Cir. 2012) (unpublished).

Petitioner, proceeding *pro se*, filed the present § 2255 motion this time contending that his sentence for Count One was improperly enhanced because the predicate conviction that the Government identified in the § 851 notice did not subject him to more than one year in prison. Petitioner cites the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (3:11-cv-00603, Doc. No. 2: Subsequent Motion to Vacate). In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law.

---

[1] Prior to the entry of Petitioner's guilty plea, the Government filed notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based a prior felony drug conviction which was sustained in Mecklenburg County Superior Court. (Id., Doc. No. 31).

Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner's counsel filed a Supplemental Motion to Vacate in which he renews his argument that the holding in Simmons entitles him to relief, this time contending that he is entitled to sentencing relief from his 120-month sentence pursuant to a 28 U.S.C. § 2241. Alternatively, Petitioner argues that he should be entitled to sentencing relief through either a writ of *coram nobis* or *audita querla*. (Id., Doc. No. 10). The Government has filed a response noting that Petitioner is not entitled to relief under § 2255 because he has not obtained authorization to file a successive petition, but joins Petitioner in contending that relief under § 2241 is appropriate. (3:11-cv-00603, Doc. No. 14: Government's Response at 1-2).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary

3

hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

    A. Section 2255 Motion

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization to file a second, successive motion under Section 2255. Accordingly, this Court is without jurisdiction to consider his claim for relief under Section 2255. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 203, 205 (2003).

    B. Section 2241

Petitioner contends through counsel that he is entitled to sentencing relief pursuant to a writ of habeas corpus under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is

beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (internal citations omitted). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

See also United States v. Surratt, Jr., 797 F.3d 240 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid North Carolina felony conviction under Simmons).[2]

In the present case, Petitioner does not challenge the legality of his conviction. Instead, he moves the Court for an order vacating his sentence that was enhanced based on the finding that he had a predication North Carolina felony drug conviction. Because Petitioner's challenge is confined to the legality of his sentence the § 2241 petition will be denied.

C. *Coram nobis* and *audita querela*

Finally, Petitioner seeks relief through a writ of error *coram nobis* or a writ of *audita querela*. (3:11-cv-00603, Doc. No. 10: Supplemental Motion to Vacate at 11-13). C*oram nobis* relief is only available when all other avenues of relief are inadequate and

---

[2] Disposition of this case was stayed pending resolution of the Surratt appeal by the Fourth Circuit.

5

where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable.

Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Petitioner's claim does not fall within such a gap.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Subsequent Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as successive. (Doc. No. 2).

2. Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 is **DENIED**.

3. Petitioner's petitions for writs of *coram nobis* and *audita querela* are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: September 30, 2015

Robert J. Conrad, Jr.
United States District Judge